CAMBUSTON (UNITED STATES v.). See Cases Nos. 14,712 and 14,713.

CAMDEN & A. R. CO. (BALDRAFF v.). See Case No. 794.

CAMDEN & A. R. CO. (BONAPARTE v.). See Case No. 1,617.

---

## Case No. 2,337.

### CAMDEN & A. R. CO. v. The THOMAS WALLACE.

### CURRY et al. v. The JOHN NEILSON.

[N. Y. Times. Feb. 13, 1855.]

District Court, S. D. New York. Feb. 10, 1855.

COLLISION—STEAM AND SAIL—CHANGE OF COURSE BY SAIL VESSEL.

[The fault lies with a sloop which so unnecessarily changes her course as to collide with a steamer, the movements of which are directed on the assumption that the sloop will hold her course, and on board which all possible precautions are taken to avoid the disaster.]

[In admiralty. Cross libels by the Camden & Amboy Railroad Company against the sloop Thomas Wallace, and by Daniel Curry and others, owners of the sloop, against the steamboat John Neilson, for damages caused by collision.]

C. Livingston, for the steamboat.

Stevens & Hoxie, for the sloop.

INGERSOLL, District Judge. These were cross suits, brought by the respective owners of the steamboat John Neilson and the sloop Thomas Wallace, to recover the damages occasioned to the vessels by a collision between them, which happened at 10 a. m. on the 24th of October, 1854, near the Battery.

The owners of the steamboat alleged that the steamboat was on her usual trip from New Brunswick, N. J., to New York, and was approaching her usual landing place at pier No. 1, North river, when she was run into by the sloop, which was near the junction of the North and East rivers, heading to the northward of west with the wind about northeast, and the vessels proceeding nearly at right angles with each other; that the steamboat stopped in time to let the sloop pass ahead of her, and that she might have passed either ahead or astern if she had seen the steamboat in time; that those on the steamboat did all they could to avoid the collision, which was occasioned solely by fault on the part of the sloop. The owners of the sloop denied any fault on their part, and alleged that there was a vessel lying at anchor on either side of the course of the sloop, so that she was unable to change her course in any way, and that the steamboat did not stop so as to allow the sloop to pass ahead of her, but kept on across the bows of the sloop, and thereby caused the collision; that the sloop was going in a northerly direction, close hauled on the wind, and was unable to avoid the collision, which was caused wholly by the fault of the steamboat. The damages claimed by the steamboat were about $600, and by the sloop about $200. Both cases were heard together, and the following decision has been rendered:

BY THE COURT. It is found that at the time of the collision the steamboat was not going ahead. The steamboat, seeing that the sloop was bound from the East river up the North river, first slowed and then stopped her engine to enable the sloop to clear her. That a few moments before the collision she backed, and that at the time of collision the boat had begun to go back. That the collision was caused by negligence on the part of the sloop. That after she had taken her course to go from the East river to the North river along the Battery wall, and after the steamboat had slowed and stopped to enable the sloop to pursue that course without danger, the sloop altered her course more to the west, in consequence of which alteration, of course, the collision took place. That there was no necessity for her so altering her course; and if she had kept the course that she was on when the steamboat slowed and stopped, no collision would have taken place. The steamboat did all that was required of her to avoid the collision. She was guilty of no fault. She had a right to assume that the sloop would keep the course she was on at the time the steamboat slowed. That the movements of the steamer were directed upon the idea that the sloop would keep that course. By her not keeping that course the collision was occasioned. The steamboat did all that was required of her to avoid it, and she was in no fault. Decree, therefore, that the libel filed by the owners of the sloop be dismissed with costs, and that the owners of the steamboat recover the damages by them sustained, with a reference to a commissioner to ascertain the amount.